THE STATE OF NEW JERSEY. EX REL. WALTER W. REID, JR., ET AL., RELATORS, v. BOROUGH OF DEAL, A MUNICIPAL CORPORATION; THE BOARD OF COMMISSIONERS OF THE BOROUGH OF DEAL ET AL., DEFENDANTS.

Decided August 7, 1926.

Municipalities—Licenses—Hotel—Ordinances Required Consent of Owners—Consent was Executed by R. as Owner—It Appears That R. is Owner With K. as Tenant in Common— R. Claims That He is Partner With K., Who is in Europe, and Has His Permission to Sign Consent—Held, Claim is Unsound—The Partnership at Best Cannot Extend to the Ownership of Individual Property—Ordinance Required Written Consent of Owner or Owners, the Consent of K. is Necessary.

On rule for *mandamus*.

Before Justices KATZENBACH and LLOYD.

For the relators, *Walter Kremer*.

For the defendants, *William A. Stevens* and *William L. Edwards*.

The opinion of the court was delivered by

LLOYD, J. On a rule to show cause why a writ of *mandamus* should not issue to compel the defendants to issue to

the relators a license to operate a hotel in the borough of Deal; depositions (authorized by the rule) have been taken, and from these it appears that the relators are the owners of a dwelling containing seventeen rooms at the corner of Roosevelt and Ocean avenues, in the borough, which they desire to operate as a hotel; that the borough has adopted an ordinance setting forth the conditions on which a license for such purpose will issue. Among the provisions of this ordinance is one reading as follows:

"Section 5. Such application [for license] must be accompanied by the written consent of the owner of the premises for which application for license is made, consenting to the granting of the license."

On June 3d, 1926, Walter W. Reid, Jr., in an application for license to operate a hotel, set forth a consent in this language:

"I, Walter Reid, Jr., owner of the premises above mentioned do hereby consent to the granting of the license requested. [Signed] Walter Reid, Jr."

From the depositions taken it further appears that Reid is owner of the property with William C. Krueger as tenant in common, and that Krueger's written consent to the application was never given.

It was contended, however, that this defect was cured by the testimony of Reid, to the effect that Krueger and himself were really partners in the proposed hotel business, and that Krueger, having sailed for Europe, had left him, the witness, in full control of the property with authority to give his (Krueger's) consent. This, we think, was insufficient. The ordinance, the validity of which is not questioned, exacted the written consent of the owner or owners, not an uncertain verbal consent given through a third person.

It was also contended that, by virtue of the partnership in the proposed hotel business, Reid had legal authority to bind his co-partner in giving the required consent. The contention is, obviously, unsound. The premises were not partnership property but the property of the individual owners. By

no stretch of the power possessed by an individual member of a partnership to bind it and its members can it be extended to control of the private assets of such members. Besides, in the application there was no suggestion of a partnership, and the consent given did not purport to be the act of Krueger, but that of Reid alone; *he* certified that he was the owner of the property (not an ingenuous statement at best), and *he* consented to the granting of the license.

Under the circumstances it, at least, cannot be said that the right to the writ is clear, and the rule to show cause must therefore be discharged.